[No. 3037.]

## William Watkins et al. v. The State.

1. Scire Facias—Bail Bond—Variance.—Appearance bond recited that the principal cognizor was committed on a charge of theft of property over the value of twenty dollars. The condition in the bond described the offense merely as "theft." *Held*, not to be a variance, and sufficient to state an offense against the laws of this State.
2. Same—Judgment Nisi.—Judgment Final upon a forfeited bail bond can be valid only when predicated upon a valid judgment *nisi*, which, to be valid, must state that it will be made final unless good cause be shown at the next term of the court why the defendant did not appear.
3. Same—Practice in this Court.—Final judgment based upon an invalid judgment *nisi* is fundamentally erroneous, and will be set aside by this court, whether or not the insufficiency of the judgment *nisi* is assigned as error.

Appeal from the District Court of Guadalupe. Tried below before the Hon. E. Lewis.

This appeal is from a final judgment on the forfeiture of the bail bond of William Watkins, bailed under a *mittimus* charging him with theft of property over twenty dollars in value. Five hundred dollars was the amount of the bond and judgment.

*Burgess & Neal,* for the appellant.

*J. D. Templeton,* Attorney General, for the State.

WHITE, PRESIDING JUDGE.   Objections urged to the sufficiency of the appearance bond are not maintainable.   The recitals of the bond show that appellant was committed by the examining court upon a charge of "theft of property of value of over twenty dollars;" the conditions in the bond named the offense simply as "theft."   There was no inconsistency or variance between the recitals and the condition, and the condition certainly named an offense against the law, and sufficiently so to apprise the defendant of what he was called upon and expected to appear and answer to.

A judgment final upon a forfeited bond can only be valid when predicated upon a valid judgment *nisi.*   The judgment *nisi* is the judicial declaration of the forfeiture of the bond. The statute prescribes not only the mode and manner, but provides the very terms or words in which this declaration must be made.   (Code Crim. Proc., Art. 441.)   "The statute uses the words 'which judgment *shall* state,' etc., showing that the statement is essential and that the requirement is mandatory." (*Collins* v. *The State,* 12 Texas Ct. App., 356.)   Judgment *nisi* *must* state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear.   (Id; *McWhorter* v. *The State,* 14 Texas Ct. App., 239; *Addison* v. *The State,* Id., 568.)

This objection to the judgment *nisi* was not made by appellants in their assignment of errors preparatory to this appeal. Is it fundamental error which will be considered on appeal when it has not been assigned as error?   We are of opinion that it is.   There can be no good, valid or binding judgment final unless there has first been a valid judgment *nisi.*   A final judgment upon a fatally defective judgment *nisi,* which is the foundation for the former, is entitled to no more consideration than one rendered without any judgment *nisi* at all.   In the one as in the other case the judgment final would be void, and a

party can avail himself of the invalidity or nullity of the judgment *nisi* in any proceeding where it is sought to establish final liability or to hold him liable on account of such void judgment.

Because the judgment *nisi* upon which the final judgment in this case is based is fatally defective and invalid, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 27, 1884.